FILED
SEP 13 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SINGH, HAKAM                 Plaintiff,

vs.

LLOYD AUSTIN III
                             Defendant(s).
Secretary of Defense

CASE NO. CV21 7105

EMPLOYMENT DISCRIMINATION COMPLAINT

1. Plaintiff resides at:

   Address  109 Academy Ln

   City, State & Zip Code  Upper darby, Pa, 19082

   Phone  775-450-3574

2. Defendant is located at:

   Address _____

   City, State & Zip Code _____

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employ-ment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4. The acts complained of in this suit concern:

   a. ___ Failure to employ me.

   b. ___ Termination of my employment.

Form-Intake 2 (Rev. 4/05)                       - 1 -

    c. \_ Failure to promote me.

    d. ✓ Other acts as specified below.

**DISCRIMINATION**

**RETALIATION**

5. Defendant's conduct is discriminatory with respect to the following:

    a. ✓ My race or color.

    b. \_ My religion.

    c. \_ My sex.

    d. ✓ My national origin.

    e. \_ Other as specified below.

6. The basic facts surrounding my claim of discrimination are:

**LIST ATTACHED**

7. The alleged discrimination occurred on or about **6/25/2021**.

    (DATE)

8. I filed charges with the Federal Equal Employment Opportunity Commission (or the California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)    - 2 -

discriminatory conduct on or about **November, 2019**.

(DATE)

9. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached), which was received by me on or about **June 11, 2021**.

(DATE)

10. Plaintiff hereby demands a jury for all claims for which a jury is permitted:

Yes ✓   No ____

11. WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees.

DATED: **09/08/2021**                          *[signature]*

                                                          SIGNATURE OF PLAINTIFF

(PLEASE NOTE: NOTARIZATION          **Hakam Singh**
IS **NOT** REQUIRED.)                              PLAINTIFF'S NAME
                                                           (Printed or Typed)

## 6..LIST OF ISSUES..

1. Due to health issues ,I requested to management to go to my doctor earlier then the appointment, but my supervisor refuse to do so. (Document attached)

2. I was refused to use my sick leave for my heart appointment at Anchorage and I was instructed that my supervisor can give me only one day sick leave ,Although I have more then 500 hours sick leave available.(Document attached)

3. Due to circumstances created by management, I submitted my resignation.(Document attached)

4. After submission of my resignation DLA advised me to change my resign to retirement for better benefits ,but my Supervisor still want to approve my resignation instead of retirement to disadvantantage me from my full retirement benefit.(Document attached)

5. During the FY (2020) my store sales were increased 20% and my store was on the top of my sales band stores ,I was awarded $1000 for each quarters and it was continue up to four quarters, but my performance appraisal was just met instead of outstanding by the management.

6. My supervisor brief all the employees that Hakam Singh has been selected by DECA for impact award my all employee were very proud on me, but impact award certificate is attached and it is clearly a evidence of Discrimination.

7. I reach Anchorage for my regular Heart check up but during the procedure the cardiologist performed emergency triple bypass heart surgery.it was serious incident in my life. Doctor's may avoid surgery if I reach earlier then my appointment.(Document attached)

8. I heard I have been leveled " BLACK BALL " in department.


Sent from Mail for Windows

NOTE

Due to my recent heart surgery I moved with my son for recovery. My present address is
109 Academy ln,
Upper Darby, PA 19082
.Please forward my all emails on my present address
Although I have mailing address is in California..
 P.O.Box 344
Coleville, CA 96107


Sent from Mail for Windows

## Singh, Hakam CIV (US) DeCA Pacific Bridgeport

| | |
|---|---|
| **From:** | Singh, Hakam CIV (US) DeCA Pacific Bridgeport |
| **Sent:** | Friday, June 25, 2021 5:14 PM |
| **To:** | Vick, William F CIV (US) DeCA Pacific Travis AFB Zone 15 Manager |
| **Cc:** | Perryman, Mickela L CIV (US) DeCA Pacific Fallon NAS |
| **Subject:** | My doctor's appointment |
| **Signed By:** | Hakam.Singh@deca.mil |

Good afternoon

I had appointment with my heart specialist at Reno on April 1, 2021. unfortunately, I did not get the check up with the doctor. When I was in New York and Pennsylvania, tried to get an appointment with heart specialists but I could not get in because of the COVID-19. When I came back from my vacation, I have been trying to get the appointment from my previous heart specialist in Anchorage Alaska. He been taking care of my heart health for last 7-8 years. I got an appointment with him for July 28, 2021. I needs some extra days to get to Anchorage and make some staying arrangement. I informed Ms. Perryman already.

Thanks

Very Respectfully,

Hakam

Hakam Singh
Store Manager
Bridgeport Commissary, Ca
Phone: (530) 495-1271
Fax: (530) 495-1276


-----Original Message-----
From: Vick, William F CIV (US) DeCA Pacific Travis AFB Zone 15 Manager
Sent: Friday, June 25, 2021 4:22 PM
To: Singh, Hakam CIV (US) DeCA Pacific Bridgeport <Hakam.Singh@deca.mil>
Cc: Perryman, Mickela L CIV (US) DeCA Pacific Fallon NAS <Mickela.Perryman@deca.mil>
Subject: RE: Mr. Antwon's resignation

Mr. Singh,

    It's very concerning that you had employees that did not get paid. You should have ensured Bridgeport's time and attendance was accomplished so everyone got paid. Being busy with training is not valid justification for failing to process time and attendance. This is your responsibility.

1


# Request for Leave or Approved Absence

| 1. Name *(Last, first, middle)* | 2. Employee or Social Security Number (Enter only the last 4 digits of the Social Security Number (SSN)) |
|---|---|
| Singh, Hakam | |

| 3. Organization |
|---|
| DeCA |

| 4. Type of Leave/Absence *(Check appropriate box(es) below)* | Date From | Date To | Time From | Time To | Total Hours | 5. Family and Medical Leave |
|---|---|---|---|---|---|---|
| ☒ Accrued Annual Leave | Jul 29, 2021 | Jul 31, 2021 | 9.30:00 AM | 6.00:00 PM | 24.00 | If annual leave, sick leave, or leave without pay will be used under the Family and Medical Leave Act of 1993, please provide the following information: |
| ☐ Restored Annual Leave | | | | | | |
| ☐ Advanced Annual Leave | | | | | | ☐ **I hereby invoke my entitlement to Family and Medical Leave for:** |
| ☒ Accrued Sick Leave | Jul 28, 2021 | Jul 28, 2021 | 9:30:00 AM | 6:00:00 PM | 8.00 | |
| ☐ Advanced Sick Leave | | | | | | ☐ Birth/Adoption/Foster Care |

Purpose:
- ☐ Illness/injury/incapacitation of requesting employee
- ☐ Medical/dental/optical examination of requesting employee
- ☐ Care of family member, including medical/dental/optical examination of family member, or bereavement
- ☐ Care of family member with a serious health condition
- ☐ Other

☐ Serious health condition of spouse, son, daughter, or parent

☐ Serious health condition of self

*Contact your supervisor and/or your personnel office to obtain additional information about your entitlements and responsibilities under the Family and Medical Leave Act. Medical certification of a serious health condition may be required by your agency.*

| ☐ Compensatory Time Off | | | | | |
|---|---|---|---|---|---|
| ☐ Other Paid Absence *(Specify in Remarks)* | | | | | |
| ☐ Leave Without Pay | | | | | |

**6. Remarks:**

**7. Certification:** I hereby request leave/approved absence from duty as indicated above and certify that such leave/absence is requested for the purpose(s) indicated. I understand that I must comply with my employing agency's procedures for requesting leave/approved absence (and provide additional documentation, including medical certification, if required) and that falsification on this form may be grounds for disciplinary action, including removal.

| 7a. Employee Signature | 7b. Date |
|---|---|
| SINGH.HAKAM.1379283515  Digitally signed by SINGH.HAKAM.1379283515  Date: 2021.07.09 12:29:54 -07'00' | Jul 9, 2021 |

| 8a. Official Action on Request: ☒ Approved  ☐ Disapproved | *(If disapproved, give reason. If annual leave, initiate action to reschedule.)* |
|---|---|
| **8b. Reason for Disapproval:** | |

| 8c. Supervisor Signature | 8d. Date |
|---|---|
| PERRYMAN.MICKELA.L.1017512370  Digitally signed by PERRYMAN.MICKELA.L.1017512370  Date: 2021.07.12 08:11:30 -07'00' | Jul 12, 2021 |

**PRIVACY ACT STATEMENT**

Section 6311 of Title 5, United States Code, authorizes collection of this information. The primary use of this information is by management and your payroll office to approve and record your use of leave. Additional disclosures of the information may be: to the Department of Labor when processing a claim for compensation regarding a job connected injury or illness; to a State unemployment compensation office regarding a claim; to Federal Life Insurance or Health Benefits carriers regarding a claim; to a Federal, State, or local law enforcement agency when your agency becomes aware of a violation or possible violation of civil or criminal law; to a Federal agency when conducting an investigation for employment or security reasons; to the Office of Personnel Management or the General Accounting Office when the information is required for evaluation of leave administration; or the General Services Administration in connection with its responsibilities for records management.

Public Law 104-134 (April 26, 1996) requires that any person doing business with the Federal Government furnish a social security number or tax identification number. This is an amendment to Title 31, Section 7701. Furnishing the social security number, as well as other data, is voluntary, but failure to do so may delay or prevent action on the application. If your agency uses the information furnished on this form for purposes other than those indicated above, it may provide you with an additional statement reflecting those purposes.

| Office of Personnel Management | Local Reproduction Authorized | OPM Form 71 |
| 5 CFR 630 | | Rev. September 2009 |
| | [Print Form]   [Clear Form] | Formerly Standard Form (SF) 71 |
| | | Previous editions usable |



## Singh, Hakam CIV (US) DeCA Pacific Bridgeport

**From:** Singh, Hakam CIV (US) DeCA Pacific Bridgeport
**Sent:** Friday, July 9, 2021 4:36 PM
**To:** Perryman, Mickela L CIV (US) DeCA Pacific Fallon NAS
**Cc:** Vick, William F CIV (US) DeCA Pacific Travis AFB Zone 15 Manager
**Subject:** my resignation

Good afternoon

Due to the working environment of stress and anxiety which has caused me serious health problems;

I hereby submit my resignation from my position as a Store Manager at Bridgeport Commissary. My last day working with DeCA will be August 14, 2021. I am giving you more than a month notice so that you can make some arrangements to substitute my job.


Very Respectfully,

Hakam

Hakam Singh
Store Manager
Bridgeport Commissary, Ca
Phone: (530) 495-1271
Fax: (530) 495-1276

1



## Singh, Hakam CIV (US) DeCA Pacific Bridgeport

| | |
|---|---|
| **From:** | Singh, Hakam CIV (US) DeCA Pacific Bridgeport |
| **Sent:** | Wednesday, July 14, 2021 2:12 PM |
| **To:** | Perryman, Mickela L CIV (US) DeCA Pacific Fallon NAS |
| **Cc:** | Walker-Schulenberg, Roxanne CIV (US) DeCA Pacific Fallon NAS; 'Mccandless, Samantha D CIV DLA HUMAN RESOURCES (USA)'; 'thomas.chris@dla.mil' |
| **Subject:** | My retirement action |

Good afternoon

I have sent an email earlier that on the advice of HR (DLA) I have to resubmit my retirement notice. I am replacing the previous notice from resignation to retirement notice. It will be effective with the same previous date. My last working day with DeCA will be same as August 14, 2021. Still it is a one month notice.

Thank you


Very Respectfully,

Hakam

Hakam Singh
Store Manager
Bridgeport Commissary, Ca
Phone: (530) 495-1271
Fax: (530) 495-1276

1



## Singh, Hakam CIV (US) DeCA Pacific Bridgeport

**From:** Singh, Hakam CIV (US) DeCA Pacific Bridgeport
**Sent:** Friday, July 9, 2021 4:38 PM
**To:** 'hakam6872@gmail.com'
**Subject:** FW: my resignation

Very Respectfully,

Hakam

Hakam Singh
Store Manager
Bridgeport Commissary, Ca
Phone: (530) 495-1271
Fax: (530) 495-1276


-----Original Message-----
From: Singh, Hakam CIV (US) DeCA Pacific Bridgeport
Sent: Friday, July 9, 2021 4:36 PM
To: Perryman, Mickela L CIV (US) DeCA Pacific Fallon NAS <Mickela.Perryman@deca.mil>
Cc: Vick, William F CIV (US) DeCA Pacific Travis AFB Zone 15 Manager <william.vick@deca.mil>
Subject: my resignation

Good afternoon

Due to the working environment of stress and anxiety which has caused me serious health problems;

I hereby submit my resignation from my position as a Store Manager at Bridgeport Commissary. My last day working with DeCA will be August 14, 2021. I am giving you more than a month notice so that you can make some arrangements to substitute my job.


Very Respectfully,

Hakam

*Hakam Singh* (signature)
Hakam Singh
Store Manager
Bridgeport Commissary, Ca
Phone: (530) 495-1271
Fax: (530) 495-1276

1

Impact Award,

Keep up the good work.

Award is for Ham Singh

Bridgeport Commissary

1st Quarter 2021

Ralph Pasillas Admin

*HS*

# Singh, Hakam CIV (US) DeCA Pacific Bridgeport

| | |
|---|---|
| **From:** | Pasillas, Ralph CIV (US) DeCA West SO |
| **Sent:** | Wednesday, June 2, 2021 8:25 AM |
| **To:** | DeCA HQ SO West Area SD; DeCA HQ SO West Area Secretary; DeCA HQ SO Pacific All Zones ZM CO ACO Sec |
| **Cc:** | Watkins, Mark W CIV (US) DeCA West Randolph AFB; DeCA HQ SO Pacific Secty |
| **Subject:** | IMPACT Awards |
| **Importance:** | High |

ALCON,

Attached is the Impact Award Schedule:

Impact Award Consideration period: 1-October thru 31-December-1st Quarter
Impact Award Consideration period: 1-January thru 31 March-2nd Quarter
Impact Award Consideration period: 1-April thru 30 June-3rd Quarter
Impact Award Consideration period: 1-July thru 30 September-4th Quarter


Vr,

Ralph Pasillas
Administrative Assistant
DeCA/SO/LWAD
Work (916) 569-4696
Work (916) 569-4978
VOIP ☎: X34696



-----Original Message-----
From: Watkins, Mark W CIV (US) DeCA West Randolph AFB
Sent: Tuesday, June 1, 2021 1:35 PM
To: Pasillas, Ralph CIV (US) DeCA West SO <Ralph.Pasillas@deca.mil>
Subject: IMPACT Awards

Sir,
 Will you please give me the schedule for IMPACT award suspense dates?


Respectfully,

Mark W. Watkins
Commissary Officer
Randolph Commissary
Comm: (210) 652-5102  x3001
DSN: 312-487-5102 x3001

1 



**DEFENSE COMMISSARY AGENCY**
HEADQUARTERS
1300 E AVENUE
FORT LEE, VIRGINIA 23801-1800

|  |  |
|---|---|
| Hakam Singh ) | |
| Complainant ) | |
| ) | |
| ) | EEOC No. 480-2020-00794X |
| v. ) | Agency Complaint No. DeCA-00037-2020 |
| ) | |
| Lloyd Austin III ) | June 10, 2021 |
| Secretary of Defense ) | |

## FINAL ORDER

I. <u>Statement of Claims</u>:

Whether the complainant was discriminated against based on race (American Asian/Pacific Islander), color (brown), religion (Sikh), age (70 y/o; DOB 01/1950), national origin (Indian), and subjected to retaliation and harassment (non-sexual) by Mr. William Hicks, Store Director, at Fallon Commissary when:

On numerous occasions, Mr. Hicks continued to cause an intimidating and harassing workplace that unfairly interrupted the complainant's performance as follows:

a. On November 13, 2019, Mr. Hicks, Store Director, instructed an employee of Fallon Commissary to collect shopping carts from the complainant's commissary (Bridgeport) and deliver those shopping carts to the Fallon Commissary. As the Store Manager, the complainant was the custodian responsible for the store's shopping carts.

b. On September 17, 2019, Mr. Hicks carried away all of Bridgeport Commissary's surveillance equipment and forced the complainant to give Mr. Hicks access to Bridgeport's personnel files without providing any explanation to the complainant, who was the custodian of the personnel files.

c. On a continuous basis (specific dates not identified), Mr. Hicks intentionally disregarded and caused unwarranted delay of the complainant's requests for store inventory (i.e., August 20, 2019, Red Bull order).

d. On April 19 & 26, 2019, the complainant's requests for management assistance and guidance were repeatedly ignored.

e. In March of 2019, Mr. Hicks instructed the complainant to remove the complainant's manager photo located at the store's entrance and failed to provide the complainant's photo name plate.

*HS*

  f. In and around January 20, 2019, Mr. Hicks harassed the complainant for refusing to discipline and subsequently terminate an employee (Rebecca Lambert), as instructed by Mr. Hicks.

  g. On unspecified dates, Mr. Hicks failed to afford the complainant adequate computer systems training (example: Appraisal Input) despite the complainant's repeated requests.

  h. On an unspecified date, Mr. Hicks denied the complainant a "non-performance cash award" (estimated $100); yet, issued the award to other store.

II. Procedural History:

  The complainant sought Equal Employment Opportunity (EEO) counseling on November 13, 2019. The EEO Counselor sought to resolve the complainant's allegations to no avail. The complainant filed a formal complaint of discrimination which the Agency received on April 8, 2020. The investigation of the accepted claims was conducted from June – August 2020. The complainant received the report of investigation and requested a hearing.

  In the order dated April 26, 2021, Administrative Judge (AJ) Richard Peterson provided instructions for filing a pre-discovery motion for summary judgment. He explained that his review of the record revealed the complaint may be appropriate for summary disposition in favor of the Agency. The Agency filed its summary judgment motion, dated May 18, 2021. The complainant did not file a response.

  On June 8, 2021 AJ Peterson issued a Decision and Order Entering Judgment. In the Decision, AJ Peterson described the standards for summary judgment and for proving intentional discrimination or the existence of a hostile work environment. AJ Peterson concluded that the evidence in the record is insufficient for the complainant to prove the complainant's allegations in his complaint and entered judgment in favor of the Agency.

III. Statement of Implementation:

  The AJ issued a decision in favor of the Agency on all claims. We agree with the AJ's Decision and the Agency will fully comply with and implement the Decision.

IV. Statement of Relief:

  Because the complainant has not prevailed on his claim of discrimination no relief is awarded.

HENNELLY.KEVIN.1231001430 Digitally signed by HENNELLY.KEVIN.1231001430 Date: 2021.06.11 08:33:43 -04'00'

Kevin J. Hennelly
Director, EEO

Attachments:
1. Notice of Appeal Rights
2. EEOC Form 573-Notice of Appeal

2

## NOTICE OF APPEAL RIGHTS

This is the Agency's Final Agency Decision (FAD) on the cited complaint. The following are the only rights available to challenge this decision.

### APPEAL TO THE EEOC

A Notice of Appeal may be filed with the EEOC within thirty (30) calendar days after receipt of this FAD. EEOC Form 573, Notice of Appeal/Petition, should be used in filing the appeal, as well as what is being appealed should be indicated in the form. A copy of EEOC Form 573 is provided with this decision. Such notice should be sent to EEOC electronically on their portal for quicker processing (https://publicportal.eeoc.gov/portal/). However, if you are unable to use the internet, you may submit your appeal request in writing, with possible delays, by sending your request to:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

As another alternative, you may also send your appeal by fax to the Office of Federal Operations at (202) 663-7022 (fax transmissions of more than 10 pages will not be accepted). If there is an attorney of record, thirty (30) calendar day time limit within which to appeal shall be calculated from the date of receipt of this Decision by the attorney. In all other cases, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of receipt of this decision.

At the time that information is provided to the EEOC, you must provide a copy of the Notice of Appeal to our office via email to Dr. LaKeta Burgess at Laketa.Burgess@deca.mil. If you are unable to e-mail, you may mail to the following address with the understanding that there may be some delay in processing:

**Defense Commissary Agency (DeCA)**
**Attn: CCE**
**1300 E Avenue**
**Fort Lee, VA 23801-1800**

Please note that if your appeal is not filed within thirty (30) calendar day time limit, the appeal may be dismissed by the EEOC. However, the EEOC may, at its discretion, extend the time limit and accept the appeal based upon a written statement that there was not actual notification of the time limit, or that a timely Notice of Appeal could not be filed, due to extenuating circumstances.

Any statement is support of your appeal must be submitted to the EEOC within thirty (30) calendar days of filing the Notice of Appeal. The EEOC, Office of Federal Operations

accepts statements or briefs in support of appeals by fax transmittal, provided they are not more than ten (10) pages long.

Any statement or brief in opposition to your appeal must be submitted to the EEOC and served on you (or your attorney of record, if represented by an attorney) within thirty (30) calendar days of receipt of the statement or brief supporting the appeal, or if no statement or brief supporting the appeal has been filed, within sixty (60) days of receipt of the appeal.

It is the responsibility of the Agency to submit the entire complaint to the EEOC, Office of Federal Operations, within thirty (30) calendar days of initial notification that an appeal has been filed.

### CIVIL ACTION IN FEDERAL DISTRICT COURT

You also have the right to file a civil action in an appropriate United States District Court. If you choose to file a civil action, you may do so:

1. Within 90 days of receipt of this FAD on an individual or class complaint if no appeal has been filed;

2. After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

3. Within 90 days of receipt of the Commission's final decision on an appeal; or

4. After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

You must name the person who is the official Agency Head or Department Head as the defendant, and provide his or her official title. Do not just name the Agency or Department. Failure to name the Agency Head or Department Head or his or her official title may result in the dismissal of your case. **The appropriate Agency is the Department of Defense; the Head of the Department of Defense is Lloyd J. Austin, III, Secretary of Defense.**

If you decide to file a civil action under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. **Both the request and civil action must be filed within ninety (90) calendar days of the date you receive the Final Agency Decision or an EEOC decision of appeal.**

Unless an appeal is filed with the EEOC, failure to file a civil action within ninety (90) calendar days may result in the dismissal of your civil action. Filing a civil action under 29 C.F.R. 1614.407 or 1614.108 shall terminate processing of the appeal before the EEOC. If a civil action is filed subsequent to filing an appeal with the EEOC, the parties are requested to notify the EEOC in writing.

1. On September 17, 2019 during Mr. Hicks recent visit to Bridgeport Commissary, he asked me to open the file cabinet which secures employees personal files. Why he wanted me to open it, what he wanted out of it, he did not want to tell me. According to our Zone Manager's instructions, I am the custodian of my employee's personal files.

2. Although he visited Bridgeport Commissary on September 13, 2019, he was here at Bridgeport Commissary at 8.00 AM on September 17, 2019. He saw that I was busy getting my store ready; he saw that I was facing. It was not done, he asked me to let us go far walk through. I repeatedly told him that store is not ready yet. But he got up-set and insisted that I stop what I was doing and do a walk-through with him.

3. On the same visit he took all the surveillance monitoring equipment from the computer room, which equipment was originally purchased for Bridgeport Commissary. The Exchange has same equipment but it has been installed there. The monitoring equipment was never been installed and was sitting in our computer room. Why he wanted to take it and what he will do with it he never told me.

4. Few months ago, he took our lap-top; I have no idea what he did with it.

*HG*

5. The latest order for Red Bulls (which we get from Fallon) was placed on August 20, 2019. Finally we received on September 20, 2019. Although we were sending many requests that we are out

6. of the product. During his past visits, he saw that we were out of Pepsi products, Red Bull drinks and Nabisco products. He questioned to me and Mr. Adam that why the Red-Bull cooler is empty Nabisco product shelves are empty and Pepsi Products are empty for many months; we told him that we have been placing orders but not getting the product from Fallon. In my understanding, it is retaliation; because we stop sending Fallon Dry Canada. Fallon was not giving credit to Bridgeport for the amount we paid to the vendor. Probably, he did magic, the product is here because next week The Regional Officials are expected to be visiting.

7. In January 2019, we received a pallet of Planter's Peanuts from Fallon for display in Lobby. We did not sell much. In July 2019 we decided to send the product back to Fallon. On July 19, we sent a pallet of Planters Peanuts back to Fallon. In one day advance we sent an email that the following day we will be sending the unsold product back to Fallon. The next day Mr. Adam arrived in Fallon with a pallet of Planters Peanuts, Fallon refused to take it and returned back. With the Zone Manager's involvement, the product was sent back to Fallon on the following week. I am not sure how Fallon adjusted our credit to Bridgeport Commissary account.

8. Our shelves were empty for more than (3) three months for Ice Cream and Pizza. We placed order for both the products on March 6, 2019 and we received product on June 6, 2019. Those two products are main selling products at our store. (see attachment 1)

9. On this order which we received on June 6, Fallon did not send the paper work but sent some photos of the shipment that they are sending us. Fallon (Mr. Hicks) claimed that Fallon sent 18 cases of ICE CREAM but in fact Bridgeport received only three cases of ICE CREAM. My self and Mr. Adam De Mayo Supervisory Store Associate told Mr. Hicks that we did not receive 18 cases of Ice Cream. We have no idea how the inventory was adjusted with 15 cases of ICE CREAM.

10. Our Side Walk Sale was scheduled for April 16 through April 19, 2019. Mr. Hicks put it on SITSUM that Bridgeport will have Side Walk Sale on the above said dates. Unfortunately, we did not receive the product on that day. We were told that Side Walk Sale for Bridgeport will be May 1, through May 4, 2019. By that time the sale was over. ( see attachment 5)

11. We received product and set the Side Walk Sale. Unfortunately the product was not on sale any more. Its sale period ends up on the last day of April, 2019. We did whatever we could.

12. June 2019, I was going to New York to visit my new born grandchild. I requested leave about one and half month earlier and repeatedly reminded Mr. Hicks that I am going on leave on last week of June. He assured me that there is no problem. One day before I will be leaving, I called his Secretary about my leave approval; she said she did not have any leave that Mr. Hicks approved. Immediately, I submitted my existing Leave slip to the Store Manager at Fallon and Ms. Young approved it on the spot and sent to me and forwarded a copy to the Secretary. Mr. Hicks was not there on that day. (see attachment 2)

13. On Friday April 19, 2019 and Friday April 26, 2019, 3 store associate out of 5 called in sick. I informed Mr. Hicks and requested for guidance on what action to take but he ignored my request.

14. Crystal Straub was very disrespectful to me. Not only to me but she was very rude and disrespectful to the visiting Zone Official. I complained to Mr. Hicks about her behavior and continued use of foul language but Mr. Hicks was quite. She is a good friend of Mr. Hicks. When she resigned, on her last day, Mr. Hicks came to Bridgeport late afternoon. First thing he asked if I gave a farewell party to Crystal. (see attachment 3) and (7)

15. Mr. Hicks did not give me any training or send anyone who could give me training on how to use the DeCA Agency systems for preparing annual/semi-annual shelf prices, Sales Plan, Push Program, OA Consolidated Check list, Zone Manager 's Check list, GPLD Report. He even declined access to DARMS/CARTS. (see attachment 4)

16. As I am a new manager, not familiar with DIBS/DERMS and some other agency internal systems; instead of giving me training and support; most of times giving me hard time. Almost every day I have to fight for my products/deliveries for Bridgeport Commissary. Our Zone Manager knows it and even our Area Director knows. I sent them emails that I am not getting cooperation from Mr. Hicks. (see attachment 5)

17. In March, 2019, on the advice of Mr. Vick our Zone Manager, I placed my photo on the Leadership board in the Lobby at the entrance of Bridgeport Commissary. When Mr. Hicks came to visit Bridgeport Commissary, the first thing he said was that I have to remove my picture. I told him that our Zone Manager advised me to put my photo up; and almost every Commissary has their manager's pictures on the Leadership board. He said he does not like that picture. He instruct me to change the picture. More than six months have been passed; the name plate for that picture has not arrived yet. Fallon said they placed an order.

18. Recently, our employees received non-performance cash award money. Some people received $100.00 some received more than that amount. I did not get any yet but our Secretary told me that I am supposed to get $100.00. Mr. Hicks has his favoritism; I am guessing they were awarded more money.

19. Even though he has failed to provide timely product and support to my store Bridgeport and there is very little co-operation from him, my store has still been doing great. In the fourth quarter, Bridgeport commissary sale percentage was on the top of all the stores DeCA wide.

All the above which do not include all the incidents, are evidence of my supervisor's intent to let me down and see me fail in my present position. It mirrors harassment, discrimination and retaliation against me. He created obstructions in performing my Federal government duties.

DeCA is responsible for the management actions. His continued retaliation, discriminatory actions and partially biased negative behavior and treatment has put a lot of unnecessary stress on me and have me suffering from anxiety/stress. Mr. Hicks's actions has not only damaged me emotionally and physically but also let the government business suffer

DeCA is responsible for all the damages management has caused.

*Hakam Singh* — 10/22/19

Store Manager

Bridgeport Commissary, DeCA Pacific

Hakam.singh@deca.mil personal (hakam.singh62@yahoo.com) personal phone 775-450-3574